LINDA DRAKE, APPELLANT, v. ALAN DRAKE, APPELLEE.

163 N. W. 2d 598

Filed December 20, 1968. No. 37003.

Andrew J. McMullen, for appellant.

Kenneth S. Gotobed, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ., and MORAN, District Judge.

SMITH, J.

The district court in this divorce suit adjudged Linda Drake, plaintiff, in contempt for failure to produce the children of the parties in court. It subsequently ordered forfeiture of a cash bond posted by her to secure such an appearance. Alan Drake, defendant and cross-petitioner, was awarded an absolute divorce and custody of the children. Linda on appeal requests dismissal of the charge of contempt, exoneration of her bond, and a new trial on all issues raised by petition and cross-petition.

The parties and their two children, ages 1 and 2, were permanently residing at Kearney, Nebraska, in 1967. Linda and the children left Nebraska on October 11, ostensibly to visit her parents in California. She commenced this suit November 14, alleging that she and the children were then residing at Sun Valley, California. All hearings in district court were attended by her counsel, Andrew J. McMullen.

The contempt proceeding is related to a hearing on December 7, 1967. Counsel agreed to take depositions of the parties at Kearney on January 16, 1968, and to commence trial January 22. The court on Linda's motion for temporary allowances fixed no sum certain except $100 attorney's fees and costs. The order in the journal of the court reads: "* * * the Court finds that defendant should furnish the means for * * * (Linda) to be returned to Nebraska, together with the children of the parties; * * * IT IS * * * ORDERED * * * as above found." The verbatim record of the hearing reads: "MR. GOTOBED (counsel to Alan): * * * We would like to have the Court order that the wife return with the children so he can see them occasionally * * * and we are willing to pay the children's expenses and wife's expenses back here. * * * would it be a proper way to arrange for the ticket here in Kearney and tell her that she could pick up the ticket?" McMullen apparently agreed to Alan's depositing the ticket at the Los Angeles station.

Linda returned without the children. She testified January 22, 1968, that she was unaware of a court order for their return. Her testimony generated a short colloquy between the court and McMullen, a 10-minute recess, and an order of contempt. The journal reads: "Plaintiff having failed to bring said children into the jurisdiction it is ordered that she be confined to * * * Jail as guilty of contempt * * * until she clear herself * * *. If the plaintiff desires to be released to get said children back into Nebraska she may post a $500.00 bond to guaranty her return by a date fixed by the Court with said children." Linda was confined to jail until January 27, when she was released on her cash bond of $500.

Testimony of Gotobed on February 16, 1968, is illuminating. Linda, who had received no money from Alan for travel expenses, returned to Kearney in January without use of the railroad ticket. Several days after January 22 the Kearney station agent mentioned a refund due Alan for the unused ticket. The verbatim record following Gotobed's testimony reads: "The Court finds that the bond should be ordered * * * forfeited, unless the Plaintiff appears personally before this Court to be reincarcerated." The journal reads: "The Court * * * finds that the plaintiff should be ordered to be present in Court with the children of the parties on the 4th day of March, 1968, in accordance with the order * * * on the 7th day of December, 1967; the Court further finds that the bond of the Plaintiff in the sum of $500.00 should be ordered forfeited if the plaintiff shall fail to appear with the children of the parties. IT IS * * * ORDERED * * * AS ABOVE FOUND."

Linda did not ·physically appear in district court March 4, 1968, and the court ordered forfeiture of the bond. Trial of other issues ended April 1, and the court then awarded Alan judgment on his cross-petition.

In a contempt proceeding for disobedience of an order, language of duty in the order is not expandable beyond

a reasonable interpretation in light of purposes for which the order was entered. See Terminal R. R. Assn. v. United States, 266 U. S. 17, 45 S. Ct. 5, 69 L. Ed. 150.

Gotobed implied that Alan had surrendered the railroad ticket to obtain a refund soon after January 22, 1968. Since Alan's obligation was a continuing one, the surrender under a reasonable reading of the court orders excused subsequent nonproduction of the children. Any additional sanction on a hypothesis of contempt for disobedience on January 22 would be excessive. The contempt proceeding interfered with attendance of Linda at the trial of issues raised by petition and cross-petition, and the interference constituted unfair prejudice.

The judgment is reversed and the cause remanded with directions to (1) vacate the bond forfeiture and exonerate the bond, (2) grant a new trial on issues other than contempt, and (3) proceed in accordance with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.