LOREN S. HIGGS, APPELLANT, V. HALL COUNTY, NEBRASKA, ET AL., APPELLEES.

168 N. W. 2d 920

Filed June 13, 1969. No. 37231.

E. Merle McDermott and John E. Story, for appellant.

Gerald B. Buechler, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

CARTER, J.

This is an action by the plaintiff for a refund of all personal and real estate taxes unlawfully collected from him for the use of the city of Grand Island and School District No. 2 because of the unlawful annexation of his real estate to the city of Grand Island for the years 1964, 1965, and 1966 under the provisions of section 77-1736.04, R. S. Supp., 1967. The court sustained a demurrer to the petition and dismissed the action. Plaintiff has appealed.

Plaintiff was, during the years of 1964, 1965, and 1966, the owner of Lot 10, Holcomb Highway Homes Addition to the city of Grand Island. This real estate was purportedly annexed to Grand Island and also became a part of School District No. 2 by virtue of Ordinance No. 4075 enacted in November 1963. On or about February 13, 1968, the district court for Hall County, in a case entitled Pokorski v. City of Grand Island, adjudged Ordinance No. 4075 to be unconstitutional and void and that the taxes levied in 1964, 1965, and 1966 by the city and school district were likewise void. Plaintiff filed his claim for a refund pursuant to section 77-1736.04, R. S. Supp., 1967, which provides in part as follows:

"If, by judgment or final order of any court of competent jurisdiction in this state, in an action not pending on appeal or error, it has been or shall be adjudged and determined that any personal property or real estate tax, assessment, or penalty or any part thereof, was illegal and such judgment or order has not been made or shall not be made in time to prevent the collection or payment of such tax, assessment, or penalty, then such tax, assessment, or penalty, whether expended or not, which has been collected pursuant to such illegal tax, assessment or penalty for the year such tax, assessment or penalty is determined to be illegal shall be re-

paid and refunded in the county where originally paid to the person paying such tax, assessment, or penalty. * * * If the tax, assessment, or penalty has been distributed by the collecting officer, then the person claiming a refund, or the agent or authorized representative of such person, shall file a claim with the county treasurer for such refund within two years after the final judgment is entered declaring such tax, assessment, or penalty as illegal. If such refund is found to be legal and valid, which determination shall be made within sixty days, the county board shall certify the claim to the collecting officer, who shall pay the same from funds in his possession belonging to the taxing districts to the extent that such taxing districts profited from the overpayment of taxes by the claimant; Provided, * * * It shall be the responsibility of the governing body of each taxing district to determine the amount of the liability of such district for refunds and to make provision in its budget therefor."

In February 1968, the district court found the annexation ordinance to be unconstitutional and void in Pokorski v. City of Grand Island. No appeal was taken and the judgment became final. Subsequent to February 13, 1968, plaintiff filed his claim for a refund of taxes. On September 23, 1968, the claim was disallowed by the county board and an appeal was taken. It is the contention of the city and school district that the judgment in the Pokorski case listed the names of the persons entitled to refunds, that the name of plaintiff was not included therein, and for that reason he is barred from claiming a refund.

Plaintiff was not a party to the Pokorski case. There is no copy of the Pokorski judgment before this court. The petition alleges and the demurrer admits that the annexation ordinance was declared unconstitutional and void, from which judgment no appeal was taken. The listing of the persons in that judgment who were entitled to refunds appears to be nothing more than a

gratuitous attempt to avoid a multiplicity of actions and in no way binds persons not parties to the action. The defendants cite no authorities and we have found none holding to the contrary.

The petition alleges that the annexation ordinance has been held unconstitutional and void by a court of competent jurisdiction, the plaintiff paid taxes on his property in 1964, 1965, and 1966, and he made claim therefor within 2 years after the judgment. The petition states a cause of action under section 77-1736.04, R. S. Supp., 1967, and the general demurrer thereto was improperly sustained. Pfeifer v. Ableidinger, 166 Neb. 464, 89 N. W. 2d 568.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.