NEBRASKA MIL-NIC, INC., A CORPORATION, APPELLANT, V. HALL COUNTY, NEBRASKA, ET AL., APPELLEES, CITY OF GRAND ISLAND ET AL., INTERVENERS-APPELLEES.

196 N. W. 2d 522

Filed April 20, 1972. No. 37983.

See 187 Neb. 656, 193 N. W. 2d 450, for original opinion.

E. Merle McDermott, for appellant.

Sam Grimminger and Gerald Buechler, for appellees.

Duane A. Burns, Kenneth H. Elson, James D. Livingston, and Walter Lauritsen, for interveners-appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

WHITE, C. J.

On motion for rehearing, the next to the last sentence of our previous opinion is amended to eliminate the words "is later" and as amended shall read as follows:

Under these circumstances, the special statute of limitations enacted in 1967 dealing with annexation controls over the more general limitation of actions for tax refunds, because the special statute specifically expresses the legislative will. Stacey v. Pantano, 177 Neb. 694, 131 N. W. 2d 163.

With this amendment we adhere to our previous opinion and the motion for rehearing is overruled.

AFFIRMED AS AMENDED.

CLINTON, J., dissenting.

I dissent from the overruling of the motion for rehearing. I have concluded that the opinion which we adopted in the above case is patently in error and should be withdrawn and an opinion reaching the opposite results should be adopted—or at the very least that the motion for rehearing should be granted. There are several reasons for my position.

(1) In the above case we held the applicable statute of limitations was section 18-1717, R. R. S. 1943. A rereading of this statute convinces me that by its terms it has no application to refunds of a void tax, the assessment of which as the result of a court decision has been declared void. Section 18-1717, R. R. S. 1943, by its terms pertains to ". . . any action or proceeding . . . legal or equitable . . . *to contest any act done* . . . pursuant to such annexation . . . ." (Emphasis supplied.) The above case was an action for a tax refund, not an action *"to contest any act done pursuant,"* etc. The record establishes that the tax in question was already void by virtue of the final decree in Pokorski v. City of Grand Island declaring the annexation in question void. The situation is therefore identical with that in Higgs v. Hall County, 184 Neb. 508, 168 N. W. 2d 920, except that here we do have before us the judgment in the

Pokorski case. Whatever section 18-1717, R. R. S. 1943, may pertain to, it does not pertain to tax refunds. This case is not an action *"to contest."* The record here discloses that the tax has already been made void by virtue of the judgment of the invalidity of the annexation. This is a proven fact in this case.

(2) The opinion is substantially founded upon the proposition that section 18-1717, R. R. S. 1943, is the latest expression of the legislative will and therefore prevails over section 77-1736.04, R. R. S. 1943. It is not the latest expression of the legislative will as is acknowledged in the supplemental opinion of White, C. J. The opinion in citing the doctrine of "latest expression of the legislative will" must by implication hold that section 18-1717, R. R. S. 1943, impliedly repealed, in part at least, section 77-1736.04, R. R. S. 1943, for the foregoing principle applies to implied repeal where there is an inconsistency or repugnance between the two acts. 82 C. J. S., Statutes, § 291a, p. 489. Yet there is no necessary inconsistency or repugnance. Implied repeal is not favored. 82 C. J. S., Statutes, § 288, p. 479. See, also, Steeves v. Nispel, 132 Neb. 597, 273 N. W. 50. Even if these sections seemed repugnant they should be harmonized if possible. 82 C. J. S., Statutes, § 291c, p. 496.

(3) If there is a substantial question as to which of the two statutes of limitations should apply then the following principle is applicable: ". . . where there is a substantial question which of two or more statutes of limitation within the jurisdiction should be applied, the doubt should be resolved in favor of the . . . longest limitation." 51 Am. Jur. 2d, Limitation of Actions, § 63, p. 641. This court has previously so held in Crum v. Johnson, 3 Neb. Unoff. 826, 92 N. W. 1054. The issue in the Crum case was which of two conflicting statutes of limitations was applicable to an action on an appeal bond. The court held that if two conflicting statutes of limitations are equally applicable the longer period

would govern. The court there said: "After a careful investigation we can reach no other conclusion than that this action falls within the terms of section 14 exclusively. But if section 10 were equally applicable we should hold, nevertheless, that the longer period would govern." Several recent cases from other jurisdictions follow this principle. Drug, Cosmetic & Beauty Trades Service, Inc. v. McFate, 14 Ariz. App. 7, 480 P. 2d 30 (1971 — tort); Matthews v. Travelers Indemn. Ins. Co., 245 Ark. 247, 432 S. W. 2d 485 (1968 — malpractice suit); Hire v. E. I. Dupont de Nemours & Co., Inc., 211 F. Supp. 164 (1962 — action to recover severance pay); O'Malley v. Sims, 51 Ariz. 155, 75 P. 2d 50, 115 A. L. R. 634 (1938 — inheritance tax refund); Southern Pac. R. R. Co. of Mexico v. Gonzalez, 48 Ariz. 260, 61 P. 2d 377, 106 A. L. R. 1012 (1936 — contract damages); Payne v. Ostrus, 50 F. 2d 1039 (1931 — negligence).

(4) Considerations of public policy and fairness support the principles mentioned in paragraph (3) preceding. This court has held: "An unconstitutional act is not a law; it confers no rights; it imposes no duties; it affords no protection; it creates no office; and it is, in legal contemplation, as inoperative as though it had never been passed." Board of Educational Lands & Funds v. Gillett, 158 Neb. 558, 64 N. W. 2d 105 (1954). If the annexation is null and void, as the record establishes it is, the plaintiff should not be placed in any worse position than those in the identical situation who have apparently received refunds. Higgs v. Hall County, *supra.*

(5) Section 77-1736.04, R. R. S. 1943, by its very terms applies to applications for refund of tax, where the tax "by judgment or final order of any court of competent jurisdiction in this state, in an action not pending on appeal or error, it has been or shall be adjudged and determined that any . . . tax, assessment, or penalty or any part thereof, was illegal and such

judgment or order has not been made or shall not be made in time to prevent the collection or payment of such tax . . .. If the tax, assessment, or penalty has been distributed by the collecting officer, *then the person claiming a refund, . . . shall file a claim with the county treasurer for such refund within two years after the final judgment is entered declaring such tax, assessment, or penalty as illegal."* (Emphasis supplied.) This statute clearly covers the case at hand.

BOSLAUGH, J., joins in this dissent.