MARCELLA PAASCH, APPELLANT, v. JULIA BROWN, APPELLEE.
227 N. W. 2d 402

Filed March 27, 1975.   No. 39633.

H. E. Hurt, Jr., and James A. Gallant, for appellant.

Neil W. Schilke of Sidner, Svoboda, Schilke & Wiseman, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

McCOWN, J.

This is a tort action in the District Court for Cuming County to recover damages for mental distress of the plaintiff allegedly caused by defendant's refusal to comply with a judgment of the District Court for Dodge County, Nebraska, which enjoined the defendant from obstructing the flow of surface waters in a natural drainway. The District Court sustained a demurrer by the defendant and dismissed the action. The plaintiff has appealed.

Plaintiff's second amended petition alleges that on June 29, 1973, the Supreme Court of Nebraska entered an order reversing a judgment of the District Court for Dodge County, Nebraska, and directing that defendant should be enjoined from obstructing drainage of certain surface waters from plaintiff's land. On August 23, 1973, plaintiff filed a motion in the District Court for Dodge County, Nebraska, requesting that judgment be entered on the Supreme Court mandate, and on the 10th day of October 1973, the District Court for Dodge County, Nebraska, entered judgment on the Supreme Court mandate.

The critical portions of the petition allege that defendant has deliberately, willfully, and in bad faith refused to comply with the judgment of the District Court for Dodge County, Nebraska, entered on the Supreme Court mandate (1) in failing to pay costs from October 10 until November 20, 1973, and (2) in permitting obstructions to remain in the drainage ditch on her land. The petition then alleges: "That such outrageous conduct on the part of the defendant has caused and continues to cause plaintiff severe mental distress."

The sole question on this appeal is whether or not the

second amended petition states facts sufficient to constitute a cause of action against the defendant. The plaintiff contends that the facts alleged are sufficient to constitute a cause of action for outrageous conduct causing severe emotional distress. Although the allegations of the petition must be taken as admitted, including all proper and reasonable inferences from them, nevertheless the petition must state facts which entitle the plaintiff to relief in order to withstand the demurrer. Higgs v. Hall County, 184 Neb. 508, 168 N. W. 2d 920. In at least one case this court has affirmed a judgment for intentional infliction of severe emotional distress. See LaSalle Extension University v. Fogarty, 126 Neb. 457, 253 N. W. 424, 91 A. L. R. 1491.

Restatement, Torts 2d, section 46, states the basic rule as follows: "(1)  One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm."

The reporter's comments to that section state that the section is concerned only with emotional distress which is inflicted intentionally or recklessly, and that cases thus far decided have found liability only where the defendant's conduct has been extreme and outrageous. Liability has been found only where the conduct has been so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community. There is no occasion for the law to intervene in every case where some one's feelings are hurt. A defendant is never liable where he has done no more than to insist upon his legal rights in a permissible way, even though he is well aware that such insistence is certain to cause emotional distress.

The conduct of the defendant here consisted of a failure to promptly perform actions which she was directed to perform by a court decree. There are ample means

of enforcing compliance with the judgments and decrees of courts, but a mere failure to comply, or to comply promptly, does not give rise to a separate tort liability for outrageous conduct in favor of the person for whose benefit the original court judgment or decree was entered. We have found no case anywhere which even intimates that facts such as those alleged here are sufficient to constitute a cause of action for outrageous conduct which intentionally inflicts emotional distress on another.

It is for the court to determine in the first instance whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery. The facts alleged here, with the benefit of all proper and reasonable inferences from them, are insufficient to constitute a cause of action for outrageous conduct intentionally causing severe emotional distress.

The judgment of the District Court was correct and is affirmed.

AFFIRMED.