WOODROW MEGEL ET AL., APPELLEES, V. CITY OF PAPILLION
ET AL., APPELLANTS.
235 N. W. 2d 876

Filed December 11, 1975. No. 40039.

Lee A. Larsen, for appellants.

Bernard E. Vinardi, for appellees.

Heard before SPENCER, BOSLAUGH, and BRODKEY, JJ., and WARREN and VAN PELT, District Judges.

WARREN, District Judge.

This is an appeal from the District Court judgment awarding attorney's and expert witness' fees in favor of plaintiffs in a civil contempt action.

This court previously on May 11, 1973, found the defendants to be in willful contempt for failure to comply with the January 7, 1971, decree of the District Court for Sarpy County enjoining the defendants from diverting surface water onto plaintiffs' property and requiring the City of Papillion to construct certain drainage facilities to eliminate further damage to plaintiffs. Megel v. City of Papillion, 190 Neb. 238, 207 N. W. 2d 377 (1973). This court observed that: "There are mitigating circumstances in this case which make it inappropriate to impose any penalty upon the defendants at this time other than the costs and expenses of the proceeding in both courts, including a reasonable fee for the services of the attorney for the plaintiffs." This court then ordered that: "All costs and expenses in both courts, including a reasonable fee for the services of the

plaintiffs' attorney, are taxed to the City of Papillion. The plaintiffs are allowed the sum of $1,000 for the services of their attorney in this court."

Pursuant to the opinion and mandate of this court, the District Court, upon plaintiffs' application, set a hearing to fix fees for the services of plaintiffs' attorney and their consulting engineer in the original District Court contempt action, and ordered each party in turn to submit affidavits. Plaintiffs filed detailed time affidavits supporting a request for attorney's fees of $7,495 and expert witness' fees of $600. The defendants filed nothing, but orally objected at the hearing to the allowance of any further fee to plaintiffs' attorney, contending that the $1,000 fee fixed by the Supreme Court was the only fee allowable for plaintiffs' attorney. The trial court fixed fees at $6,450 for plaintiffs' attorney and $500 for plaintiffs' expert witness, and defendants perfected another appeal to this court.

The defendants' first group of assignments of error contends in substance that because this court allowed a $1,000 attorney's fee for services of plaintiffs' attorney "in this court," no other fee can be allowed. This contention borders on the ridiculous. Defendants disregard the plain language of the court's opinion and designedly return the case to a crowded appellate docket, when the effort required by a simple reading of the opinion should have been sufficient. There is no merit to this contention.

The second group of assignments of error contend that the District Court erred in determining attorney's fees solely upon affidavit. The procedure used by the trial court followed that recently approved in Schmer v. Hawkeye-Security Ins. Co., *ante* p. 94, 230 N. W. 2d 216 (1975). The defendants offered no evidence whatever bearing upon the allowance of fees. The amount of attorney's fees allowed generally rests in the sound discretion of the court. Schmer v. Hawkeye-Security Ins. Co., *supra*. The allowance of a reasonable attorney's

fee for necessary services performed by an attorney will not be reversed on appeal in the absence of a showing of abuse of discretion by the trial court in making the allowance. Y Motel, Inc. v. State, 193 Neb. 526, 227 N. W. 2d 869 (1975). We find no abuse of discretion in regard to either the method used in determining fees or the amount of the allowances.

The judgment of the District Court is affirmed. Costs are taxed to defendant City of Papillion. The plaintiffs are allowed the further sum of $1,000 for the services of their attorney in this court, to be paid forthwith by the defendant City of Papillion. To avoid any possibility of misreading this opinion, we specifically state that the foregoing allowance of attorney's fees is in addition to the previous allowances of $6,450 for the services of plaintiffs' attorney in the District Court contempt action and of $1,000 for the services of plaintiffs' attorney in the first appeal to this court.

AFFIRMED.