MARCELLA PAASCH, APPELLEE, V. JULIE BROWN,
APPELLANT.

351 N.W.2d 74

Filed June 29, 1984.   No. 83-001.

Dennis E. Martin of Dwyer, O'Leary & Martin, P.C., for appellant.

Hurt, Gallant & Flores, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

GRANT, J.

Plaintiff, Marcella Paasch, and defendant, Julie Brown, own adjoining real property in Dodge County, Nebraska. This is the fourth appeal to this court arising out of that relationship since Paasch purchased her land in 1970. The earlier three cases are: (1) *Paasch v. Brown*, 190 Neb. 421, 208 N.W.2d 695 (1973) (*Paasch-Brown I*); (2) *Paasch v. Brown*, 193 Neb. 368, 227 N.W.2d 402 (1975) (*Paasch-Brown II*); and (3) *Paasch v. Brown*, 199 Neb. 683, 260 N.W.2d 612 (1977) (*Paasch-Brown III*).

The physical layout of the parties' land is fully set out in *Paasch-Brown I* and will not be repeated herein.

*Paasch-Brown II* was an unsuccessful effort by Paasch to recover from Brown for the tort of outrageous conduct. We held that the facts, as pled, did not support the tort of outrageous conduct,

stating in 193 Neb. at 370-71, 227 N.W.2d at 404:

The conduct of the defendant here consisted of a failure to promptly perform actions which she was directed to perform by a court decree. There are ample means of enforcing compliance with the judgments and decrees of courts, but a mere failure to comply, or to comply promptly, does not give rise to a separate tort liability for outrageous conduct in favor of the person for whose benefit the original court judgment or decree was entered.

In *Paasch-Brown III*, Paasch sought damages from Brown for civil contempt in failing to comply with the mandatory injunction issued in *Paasch-Brown I*. The trial court held that defendant was not in contempt, and we affirmed that narrow holding, stating in 199 Neb. at 690, 260 N.W.2d at 616-17:

There was sufficient evidence for the trial court to have concluded that the flow of surface waters, as existed at the time of the original decree, was not being obstructed and that defendant was thus in compliance with the order; or that if such was not the case, that defendant's noncompliance with the order was not willful. Where a case is tried to the court, without a jury, the finding of the trial court will be given the same weight as a jury verdict and will not be disturbed on appeal unless clearly wrong. Crane Co. v. Roberts Supply Co., 196 Neb. 67, 241 N.W.2d 516 (1976).

With that background we turn to the evidence in this case. Paasch filed her petition in three causes of action, alleging in her first cause that on or about March 17, 1981, Brown poured concrete, approximately 21 inches wide, 24 inches thick, and 46 feet long, across the floor of the drainage ditch near the junction of the parties' land; that such concrete structure was constructed on Paasch's land and formed a barrier which impeded the flow of surface water from the Paasch land, in violation of the in-

junction in *Paasch-Brown I.* Paasch alleged this was a trespass and sought an injunction requiring removal of the concrete structure and damages. In her second cause of action Paasch alleged that Brown's actions constituted willful contempt of the court's earlier 1973 order (*Paasch-Brown I*) and sought damages for such contempt. In her third count Paasch alleged that on or about November 30, 1979, Brown had entered Paasch's land and erected a fence on Paasch's property along Paasch's east property line, thus damaging Paasch. On her third count Paasch asked that Brown be required to remove the fence, for a permanent injunction forbidding Brown from erecting a new fence on Paasch's land, and for damages.

Brown first answered the Paasch petition by admitting that she, Brown, had poured the concrete complained of, but generally denying all the other allegations of the Paasch petition. In this same pleading Brown counterclaimed for damages occurring when Paasch allegedly came on Brown's land and destroyed a fence with a replacement value of $1,200 and a tree worth $75. Some 9 months later, on May 24, 1982, Brown filed an amended counterclaim, apparently having just discovered that for a time "greatly in excess of 10 years" a fence had existed approximately 5 to 8 feet west of the surveyed boundary line between the parties' properties; that this fence "constituted the actual boundary line between" the properties. Brown asked that title to the land between the fence and the surveyed property line be quieted in her on the theory of adverse possession.

The case went to trial before the court on Paasch's petition, Brown's answer and amended counterclaim, and Paasch's general denial to the amended counterclaim. After trial the trial court entered its judgment, finding for Paasch and against Brown on Paasch's first cause of action in that Brown had

caused concrete to be placed on Paasch's land and that such placement constituted a trespass and that the concrete should be removed; finding for Brown on Paasch's second cause of action (the contempt charge) in that the evidence did not prove the necessary elements of contempt; and finding for Paasch on Paasch's third cause of action regarding Brown's trespass in erecting a fence on Paasch's land. The court ordered the concrete and fence be removed from Paasch's land by Brown, and taxed the costs to Brown. On Brown's amended counterclaim the court found generally in favor of Paasch and against Brown.

Brown timely filed a motion for new trial, and after denial of that motion, timely filed this appeal. No cross-appeal was taken by Paasch.

The same licensed surveyor testified for both parties. His survey shows, without dispute, that the concrete structure and fence built by Brown were built on Paasch's property. Unless Brown had title to that ground under her theory of adverse possession, it is clear that the trial court was correct in its finding and order.

On the adverse possession issue, while the evidence is in dispute, the law is settled and basically agreed upon by the parties. As stated in *Berglund v. Sisler*, 210 Neb. 258, 262, 313 N.W.2d 679, 682 (1981): "We have continuously held that one who claims title by adverse possession must prove by a preponderance of the evidence that he has been in actual, continuous, exclusive, notorious, and adverse possession under claim of ownership for a full period of 10 years."

As we have said, the evidence is in dispute. We said in *Rasmussen Farms v. Gove*, 201 Neb. 432, 438, 267 N.W.2d 764, 767 (1978), quoting from *Bailey v. Mahr*, 199 Neb. 29, 255 N.W.2d 866 (1977): " 'Equity cases are heard de novo by this court. In determining, however, the weight to be given the evidence, this court will consider the fact that the trial

court observed the witnesses and their manner of testifying.' "

With that review standard in mind the words set out in *Paasch-Brown III*, 199 Neb. at 690, 260 N.W.2d at 616, are completely dispositive of this case, and we adopt them:

> Much of the evidence before the District Court was conflicting and contradictory in nature. The trial court had the opportunity to view the parties and the witnesses. This court will consider the fact that the trial court saw and heard the witnesses and observed their demeanor, and will give great weight to the trial court's judgment as to credibility. Donahoo v. Home of the Good Shepherd of Omaha, Inc., 193 Neb. 586, 228 N.W.2d 287 (1975). On August 9, 1976, the trial court personally inspected the area in question. This court will give consideration to the fact that the trial court inspected the premises. Steffen v. County of Cuming, 195 Neb. 442, 238 N.W.2d 890 (1976).

In the present case, as in *Paasch-Brown III*, the court heard contradictory evidence, and the court did view the premises. We do not have to give "great weight to the trial court's judgment as to credibility" to reach the same conclusion as did the trial court. In view of the hotly contested issue between these same two parties as to the boundary between their properties, stretching at least through the three appeals to this court, it seems that defendant Brown has a complete lack of concern for the injunction of the trial court in *Paasch-Brown I*, and for the property rights of Paasch, to install a 46-foot section of concrete, 24 inches thick and 21 inches wide, anywhere near the boundary between the two pieces of property without first surveying the property to determine the boundary line. In this connection, Brown installed the concrete and fence, respectively, in March of 1981 and November of 1979, while

Brown's survey, submitted in evidence at the trial, was dated July 12, 1982. The evidence clearly supports a finding in favor of Paasch on the adverse possession issue, and fully supports the order as to removal of the fence and concrete. No evidence was adduced on the issue of Paasch's damages on Brown's obvious trespass and no cross-appeal was taken in that regard. The judgment of the trial court is correct in all respects, and is affirmed.

AFFIRMED.