B. T. ENERGY CORP., WANAJA FARM, AND JACK VANBERG, APPELLANTS AND CROSS-APPELLEES, V. BETTY G. MARCUS, APPELLEE AND CROSS-APPELLANT, THE KNIGHTS OF AK-SAR-BEN, AND THE NEBRASKA STATE RACING COMMISSION, APPELLEES.

382 N.W.2d 616

Filed March 7, 1986.   No. 84-826.

James P. Fitzgerald and William F. Hargens of McGrath, North, O'Malley & Kratz, P.C., and Brown, Todd & Heyburn, for appellants.

Edmund D. McEachen and John P. Heil of Baird, Holm, McEachen, Pedersen, Hamann & Strasheim, for appellee Marcus.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, SHANAHAN, and GRANT, JJ.

GRANT, J.

This case arises out of a dispute as to whether the filly Brindy Brindy (owned by appellants B. T. Energy Corp. and Wanaja

Farm, and trained by appellant Jack VanBerg) or the filly Halo Dotty (owned by appellee Betty G. Marcus) won the ninth race at Ak-Sar-Ben racetrack in Omaha, Nebraska, on July 23, 1983. The winner of that race was entitled to the first-place purse of $59,895, and the other horse was entitled to the second-place purse of $21,780.

Brindy Brindy came across the finish line first and Halo Dotty immediately thereafter. Upon the completion of the race a steward's inquiry was made by the official stewards at the racetrack, and a claim of foul was made by the jockey riding Halo Dotty. Both the inquiry and foul claims were based on the alleged interference of Brindy Brindy with Halo Dotty during the race. After conferring with one another immediately after the race, the stewards withdrew their inquiry and disallowed the claim of foul. The unofficial order of finish of the race, as set out above (that is, Brindy Brindy first and Halo Dotty second) was declared official. Payments were made to parimutuel bettors at the track, based on that result. Those payments are final and are not the subject of this appeal. The activities of all participants were governed by rules and regulations adopted by the State Racing Commission (hereinafter Commission).

Appellee Marcus, as owner of Halo Dotty, appealed from the orders of the stewards to the Commission. After a hearing before the Commission, held in Omaha, Douglas County, Nebraska, the Commission reversed the order of the official stewards and upheld the appeal of the owner of Halo Dotty. By its order of reversal, dated August 3, 1983, and served on appellants on August 4, the Commission declared Halo Dotty the winner of the race and thus entitled to the winner's purse.

Appellants, by letter dated August 8, 1983, sought a rehearing of that order before the Commission. Appellants then requested a continuance of the date for hearing on the motion for rehearing, which the Commission had set for August 16. The Commission set the hearing for September 15, 1983, in Lincoln, Lancaster County, Nebraska.

After that hearing the Commission affirmed its earlier decision, and appellants appealed from that order denying rehearing to the district court for Douglas County. The district court affirmed the order of the Commission. For the reasons

set out hereinafter, we dismiss the appeal.

In their appeal appellants assign seven errors. Appellee Marcus cross-appeals, assigning six errors. The first of appellee's assignments of error sets out that the court erred in applying the provisions of Neb. Rev. Stat. § 84-917 (Reissue 1981), in that the district court reviewed the action of the Commission after a hearing which was not authorized in the Nebraska statutes, and thus the district court had no jurisdiction. Since that assignment is dispositive of the case, we do not reach the other contentions of any of the parties.

Our examination of the record shows that the district court had no jurisdiction to enter any order in the purported appeal to that court. As set out above, a hearing was held before the Commission on August 3, 1983. The record of that hearing shows that the executive secretary of the Commission sent notice of the hearing to Betty G. Marcus, owner of Halo Dotty, and to Jack VanBerg, trainer of Brindy Brindy, and Wanaja Farm and B. T. Energy Corp., owners of Brindy Brindy.

Jack VanBerg, a prominent horseman but not a lawyer, appeared at the hearing and announced to the Commission that "I'm here for Wanaja Farm and B.T. Energy" and that there was no reason the Commission could not go forward with the hearing. Betty G. Marcus and Howard Tesher, trainer of Halo Dotty, appeared at the hearing with counsel. A full hearing was conducted by the Commission, reflected in 103 pages of testimony. Evidence was adduced from the riders of both fillies and from the official stewards at the race. Various films of the race were shown to the Commission, and the hearing was concluded. On August 3, 1983, the Commission made its final order, in writing, as follows:

> The objection, protest, and appeal of Betty G. Marcus, owner of racing rights in HALO DOTTY is upheld. The official order of finish for the 9th race, July 23, 1983, is hereby ordered as follows: lst HALO DOTTY; 2nd BRINDY BRINDY; remaining positions are unchanged. Purse money for the race is to be distributed accordingly. This decision in no way effects [sic] the mutuel disbursement.

On August 8, 1983, appellants filed a letter with the

Commission, seeking a rehearing of the Commission's order of August 3. The hearing on the motion for rehearing was set by the Commission for August 16, 1983. On August 12, 1983, appellants sought a continuance. The Commission ultimately set the hearing for September 15, 1983. On that date the hearing was held before the Commission at the State Capitol Building in Lincoln, Nebraska. At that hearing one of the owners of Brindy Brindy and appellant Jack VanBerg appeared with counsel. Appellee Marcus appeared by counsel. Additional evidence was adduced which, together with counsel's remarks, generated an additional 139 pages of record. On September 29, 1983, the motion for rehearing was overruled. On October 4, 1983, appellants filed a petition for review of the Commission's action in the district court for Douglas County. The district court dismissed appellants' petition for review on September 28, 1984. This appeal was then taken.

The Commission was created by Neb. Rev. Stat. § 2-1201 (Reissue 1983), and is an administrative agency as defined in Neb. Rev. Stat. § 84-901(1) (Reissue 1981). The dispute between the parties in this action constituted a contested case as defined in § 84-901(3). The Commission had adopted rules and regulations as required by § 84-901, and those rules and regulations have been made a part of the record herein. Appeals from the rulings of the Commission are governed by Neb. Rev. Stat. §§ 84-917 to 84-919 (Reissue 1981). Section 84-917(2) provides in pertinent part: "Proceedings for review shall be instituted by filing a petition in the district court of the county where the action is taken within thirty days after the service of the final decision by the agency."

In this case the final decision of the Commission was served on appellants on August 4, 1983. Appellants chose to file a motion for rehearing and a motion for a continuance. As set out above, the motion for rehearing was heard by the Commission on September 15, 1983, and was denied on September 29, 1983—56 days after the "final decision by the agency."

Appellants' appeal to the district court, of course, is premised as an appeal made within 30 days after the Commission's decision on the motion for rehearing before the

Commission. In *Morris v. Wright,* 221 Neb. 837, 843, 381 N.W.2d 139, 143 (1986), in connection with an appeal from a ruling of the state Department of Health, we stated:

> Section 71-3823 made no provision for reconsideration of the board's denial such as to toll the time within which Dr. Morris was to institute a judicial challenge. Thus, the board lost any power it may have had to reconsider its decision once Dr. Morris filed her district court petition challenging the board's denial.

Similarly, § 84-917 makes no provision for reconsideration of the State Racing Commission's final decision so as to toll the 30-day appeal time within which appellants had the opportunity to avail themselves of a judicial challenge of the Commission's decision.

In *Bockbrader v. Department of Insts.*, 220 Neb. 17, 24, 367 N.W.2d 721, 727 (1985), in connection with an appeal from an administrative agency, we held: "The power [of an agency] to reconsider exists until the aggrieved party files an appeal or the statutory appeal period has expired." In that case the agency's first consideration had ended in a tie vote. We held that the tie vote was not a decision and thus not a final agency action and that a later dispositive vote was the final action that could be appealed from within 30 days.

We hold that the power of an administrative agency to reconsider its decision exists only until the aggrieved party institutes judicial review or the statutory time for such review has passed, and any such agency reconsideration does not operate to extend the statutory time for judicial review.

In the case at bar the final agency action was taken on August 3, 1983, and the order served on appellants on August 4. Neither the Commission nor the parties had authority to extend the time for seeking judicial relief beyond 30 days from the final order.

Since the district court had no jurisdiction when it entered its order, this court has acquired no jurisdiction to review the district court's action. This ruling, of course, means that the Commission's ruling of August 3, 1983, remains binding on the parties.

APPEAL DISMISSED.

CAPORALE, J., not participating.