COUNTY OF ADAMS ET AL., APPELLANTS, V. STATE BOARD OF EQUALIZATION AND ASSESSMENT AND M. BERRI BALKA, TAX COMMISSIONER, APPELLEES.
COUNTY OF ADAMS ET AL., APPELLANTS, V. STATE BOARD OF EQUALIZATION AND ASSESSMENT AND M. BERRI BALKA, TAX COMMISSIONER, APPELLEES.

525 N.W.2d 629

Filed January 6, 1995.   Nos. S-94-092, S-94-093.

Patrick T. O'Brien, of Bauer, Galter, O'Brien, Allan & Butler, and Paul L. Douglas for appellants.

Don Stenberg, Attorney General, and L. Jay Bartel for appellees.

HASTINGS, C.J., WHITE, CAPORALE, FAHRNBRUCH, LANPHIER, and WRIGHT, JJ., and BOSLAUGH, J., Retired.

LANPHIER, J.

These are appeals from a determination made January 13, 1994, by the State Board of Equalization and Assessment (Board) that it does not have jurisdiction over petitions to vacate the Board's own orders entered on April 12 and June 14, 1991. The 1991 orders were made because the Board anticipated that Nebraska state law would require a reduction of the tax liability of taxpayers and resulting tax refunds. When it came about that the anticipated reduction of tax and resulting refund were not required by state law, appellants sought to set aside the orders even though no appeal of the 1991 orders had been made and the appeal time had passed. The petition in case No. S-94-092 was filed on behalf of many counties, cities, and school districts in Nebraska; the petition in case No. S-94-093 was filed on behalf of many counties in the state. The counties, cities, and school districts will be collectively referred to as "appellants." The appeals have been combined because the parties in each case are represented by the same respective attorneys, the legal issues raised are identical, and the bill of exceptions in each case is the same. Because we conclude that the Board properly determined that it lacked jurisdiction over appellants' petitions, this appeal is dismissed.

## BACKGROUND

In their petitions, appellants asked the Board to vacate its prior orders in which the values of personal property of certain centrally assessed taxpayers were recertified at zero for tax years 1989 and 1990. The orders were purportedly made pursuant to *Natural Gas Pipeline Co. v. State Bd. of Equal.*, 237 Neb. 357, 466 N.W.2d 461 (1991), and companion cases. After the Board's action, the Tax Commissioner sent letters to

appellants recertifying the value of the centrally assessed taxpayers' property to zero. The tax liability of the taxpayers was reduced, and consequently the taxpayers were owed refunds by appellants.

Appellants assert in their petitions that the Board should vacate its prior orders because this court has subsequently held that recertification to zero is an improper remedy not allowing for equalization. See, *MAPCO Ammonia Pipeline v. State Bd. of Equal.*, 242 Neb. 263, 494 N.W.2d 535 (1993), *cert. denied* ____ U.S. ____, 113 S. Ct. 2930, 124 L. Ed. 2d 681 (*MAPCO II*); *MAPCO Ammonia Pipeline v. State Bd. of Equal.*, 238 Neb. 565, 471 N.W.2d 734 (1991) (*MAPCO I*). Further, appellants submit that once the Board's prior orders have been vacated, the Board should apply the appropriate remedy to alleviate the disparate treatment of the centrally assessed taxpayers. The appropriate remedy, appellants submit, is for the Board to apply the remedy approved by this court in *MAPCO II*. That is, the Board should reduce the equalized unit value of the centrally assessed taxpayers by a given ratio: the ratio of the value of personal property which had been inappropriately omitted from taxation to the value of all personal and real property which should have been subject to taxation.

The parties have stipulated that for the purposes of the petitions filed herein, "for tax year 1989 the ratio between the value of property considered exempt under Neb. Rev. Stat. § 77-202(6) through (9) plus the value of railroad rolling stock, and the value of all tangible property in Nebraska is 18.81 %."

Although no filing date appears on the petitions, the petitions were formally received by the Board during its meeting on July 7, 1993. On January 6, 1994, the Board heard evidence on the petitions and recessed. The Board reconvened on January 13, when it approved a motion to deny the petitioners' requests because of a lack of jurisdiction.

## ASSIGNMENTS OF ERROR

Appellants contend that the Board erred (1) in its conclusion that it lacked jurisdiction to consider the petitions filed by appellants, and (2) in its denial of relief requested by appellants in their petitions.

## STANDARD OF REVIEW

In an appeal from the Board, an appellate court searches only for errors appearing on the record, i.e., whether the decision conforms to law; is supported by competent and relevant evidence; and was not arbitrary, capricious, or unreasonable. *Northern Natural Gas Co. v. State Bd. of Equal.*, 232 Neb. 806, 443 N.W.2d 249 (1989). Questions of law nonetheless are reviewed de novo on the record. *Id.*

## JURISDICTION

The sole issue raised by appellants is whether the Board has jurisdiction to vacate or set aside its own orders after the statutory time for judicial review has expired. Appellants acknowledge that generally an administrative agency may only reconsider its decisions until the aggrieved party institutes judicial review, or the statutory time for such review has expired. *B. T. Energy Corp. v. Marcus*, 222 Neb. 207, 382 N.W.2d 616 (1986); *Morris v. Wright*, 221 Neb. 837, 381 N.W.2d 139 (1986); *Bockbrader v. Department of Insts.*, 220 Neb. 17, 367 N.W.2d 721 (1985). Acknowledging that the time for appeal has long passed, appellants claim that because of "extraordinary circumstances" an exception to the general rule should be made in this case. Brief for appellants in case No. S-94-092 at 16. Appellants acknowledge that no such exception has heretofore been recognized in Nebraska, but urge this court to do so now.

In support of the exception, appellants cite the following cases: *Matter of Equitable Trust Co. v. Hamilton*, 226 N.Y. 241, 123 N.E. 380 (1919); *Matter of Drew v. State Liq. Auth.*, 2 N.Y.2d 624, 142 N.E.2d 201, 162 N.Y.S.2d 23 (1957); *People ex rel. Finnegan v. McBride*, 226 N.Y. 252, 123 N.E. 374 (1919); *Warburton v. Warkentin*, 185 Kan. 468, 345 P.2d 992 (1959); and *Automobile Club v. Commissioner*, 353 U.S. 180, 77 S. Ct. 707, 1 L. Ed. 2d 746 (1957). None of these cases, except for *Warburton*, merit discussion because they do not concern the issue of whether an administrative agency may revisit its prior determination after an appeal has been filed or the time for appeal has passed.

In *Warburton*, an administrative agency was permitted to

revisit a prior determination after the time for appeal. The basis for allowing the administrative agency to revisit its prior determination was the peculiar "continuing jurisdiction" of the agency. 185 Kan. at 476, 345 P.2d at 998. The Board does not have continuing jurisdiction similar to that of the agency in *Warburton*. The Board derives its powers from the Nebraska Constitution and from statute. *County of Otoe v. State Board of Equalization & Assessment*, 182 Neb. 621, 156 N.W.2d 728 (1968). The Board's powers are limited to those granted by the state Constitution and statute. Continuing jurisdiction is not one of the Board's enumerated powers. Thus, *Warburton* is inapposite and, therefore, unpersuasive. Additionally, we recognize that the State has a great interest in the finality in the Board's actions. Absent persuasive authority or a compelling reason to depart from the general rule, we decline to create an exception to the general rule.

Appellants argue that in *MAPCO I*, this court held that equalization to zero was an inappropriate remedy for taxpayers whose tangible property had been unequally and unconstitutionally taxed. Appellants, therefore, submit that the Board's orders of April 12 and June 14, 1991, equalizing appellants' property to zero are "illegal, based on erroneous conclusions of law, [and] without . . . authority." Brief for appellants in case No. S-94-092 at 11. Hence, appellants argue that the Board's orders are subject to collateral attack pursuant to *Hacker v. Howe*, 72 Neb. 385, 101 N.W. 255 (1904), in which we held actions of the Board are subject to collateral attack where the Board exercises a power not conferred upon it. However, the present case is not a collateral attack. As explained above, the Board properly concluded that it did not have jurisdiction to revisit its prior orders after the time for appeal had passed. There being no jurisdiction in the tribunal below, we have no jurisdiction. *Ev. Luth. Soc. v. Buffalo Cty. Bd. of Equal.*, 243 Neb. 351, 500 N.W.2d 520 (1993). Since we do not have jurisdiction of this matter, the question of whether the Board's orders of April 12 and June 14, 1991, are void because of the retroactive effect of *MAPCO I* is not properly before us. This appeal, therefore, is dismissed.

APPEAL DISMISSED.