IN RE INTEREST OF KRYSTAL P., A CHILD UNDER 18 YEARS OF AGE.
STATE OF NEBRASKA, APPELLANT, V. KIMBERLY T. AND JOHN P., APPELLEES, AND DONALD F. AND SHEILA M. EBBERS, INTERVENORS–APPELLEES.
IN RE INTEREST OF KILE P., A CHILD UNDER 18 YEARS OF AGE.
STATE OF NEBRASKA, APPELLANT, V. KIMBERLY T., APPELLEE, AND DONALD F. AND SHEILA M. EBBERS, INTERVENORS–APPELLEES.
IN RE INTEREST OF ALEX T., A CHILD UNDER 18 YEARS OF AGE.
STATE OF NEBRASKA, APPELLANT, V. KIMBERLY T. AND ERNEST T., APPELLEES, AND DONALD F. AND SHEILA M. EBBERS, INTERVENORS–APPELLEES.

540 N.W.2d 316

Filed December 1, 1995.   Nos. S–95–456, S–95–457, S–95–458.

Don Stenberg, Attorney General, Royce N. Harper, and James L. Hatheway, Special Assistant Attorney General, for appellant.

Jerry L. Shelton, Deputy Gage County Attorney.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.

WRIGHT, J.

This opinion involves three consolidated appeals. Krystal P., Kile P., and Alex T. were adjudicated as children lacking proper parental care under Neb. Rev. Stat. § 43–247(3)(a) (Reissue

1993). The dispositional order of the juvenile court was different than the proposed disposition by the Nebraska Department of Social Services (Department). The Department appealed this decision to a juvenile review panel after it had already appealed to the Nebraska Court of Appeals. The juvenile review panel dismissed for lack of jurisdiction because the appeals were pending in the Court of Appeals. The Department appealed the dismissal of the review panel, and we removed the appeals to our docket.

## SCOPE OF REVIEW

Whether a question is raised by the parties concerning jurisdiction of a lower court or tribunal, it is not only within the power, but it is the duty of an appellate court to determine whether the appellate court has jurisdiction over the matter before it. *Jones v. State, ante* p. 158, 532 N.W.2d 636 (1995).

A jurisdictional question that does not involve a factual dispute is a matter of law; therefore, an appellate court reaches a conclusion independent from that of the trial court. *Id.*

## FACTS

The facts of these appeals are set forth in *In re Interest of Alex T. et al., ante* p. 899, 540 N.W.2d 310 (1995). We repeat only such facts as are necessary for our disposition of this matter. On January 9, 1995, the juvenile court disapproved the Department's case plan, which called for reunification of the children with their mother. According to the court, the Department's plan failed to consider that the parents had possibly relinquished their parental rights and that, therefore, the plan was not in the best interests of the children. The court implemented its own plan, which allowed the children to remain in the Department's custody and to continue to reside with the foster parents. The court's plan included counseling to determine whether the proposed adoptive parents were fit for such adoption, and the plan ultimately called for adoption of the children by either the proposed adoptive parents or the foster parents.

On January 19, 1995, the Department appealed directly to the Court of Appeals from the juvenile court's order of January 9. The Department subsequently filed an identical appeal to the

juvenile review panel. The Court of Appeals summarily dismissed the January 19 appeal for lack of jurisdiction, explaining that the Department had to first file an appeal to the juvenile review panel. We affirmed the Court of Appeals' dismissal in *In re Interest of Alex T. et al., supra*.

## ANALYSIS

In the present case, the juvenile review panel held that it did not have jurisdiction because the cases had been appealed to the Court of Appeals. This determination resulted in a stalemate, in which the Court of Appeals declined jurisdiction in three appeals and the juvenile review panel declined jurisdiction in three appeals. For the reasons set forth in our opinion in *In re Interest of Alex T. et al., supra*, we reverse the decision of the juvenile review panel and remand the causes to the juvenile review panel for further disposition.

REVERSED AND REMANDED.