CITY OF LINCOLN, APPELLEE, V. TWIN PLATTE NATURAL
RESOURCES DISTRICT, APPELLANT, APPLICATION A-17312 OF THE
CITY OF LINCOLN.

551 N.W.2d 6

Filed June 28, 1996.   No. S-95-1224.

Jess C. Nielsen, of Nielsen & Birch, for appellant.

William F. Austin, Lincoln City Attorney, and Steve Huggenberger for appellee.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.

CAPORALE, J.

The would-be objector, Twin Platte Natural Resources District, appealed to the Nebraska Court of Appeals from the order of the director of the Department of Water Resources removing Twin Platte as an objector to the application of the applicant-appellee, City of Lincoln, for a permit to appropriate public waters from the Platte River to induce the recharge of the ground water at the City's well field near Ashland, Nebraska. In so doing, Twin Platte assigned a number of errors to the director. It then successfully petitioned this court for an order bypassing the Court of Appeals. As we lack jurisdiction, we now dismiss the appeal.

The scope of our review is controlled by the rule that when a jurisdictional question does not involve a factual dispute, its determination is a matter of law, which requires an appellate court to reach a conclusion independent from the decisions made by the lower courts. *In re Interest of Noelle F. & Sarah F.*, 249 Neb. 628, 544 N.W.2d 509 (1996).

The City filed its application with the department on September 9, 1993, and a corrected application on February 25, 1994.

Twin Platte subsequently filed an objection to the application, claiming an interest in the matter because its constituency included landowners and water users with water rights that would be affected by the application.

The City then filed a motion seeking a determination of Twin Platte's status as an objector. The City contended therein that Twin Platte did not have statutory authority to represent the interests of private surface water appropriators in this matter and therefore did not have a sufficient interest in the case to have standing as a party. Twin Platte did not file a response to this motion. Finding that Twin Platte did not have a sufficient interest in the case to have standing as a party, the director removed it as an objector by an order dated October 13, 1995.

On October 30, 1995, Twin Platte filed a motion requesting that the director withdraw his October 13 order and grant it a hearing pursuant to Neb. Rev. Stat. § 46-209 (Supp. 1995), which provides, in pertinent part:

> If a decision is made without a hearing, a hearing shall be held at the request of any party to the proceeding if the request is made within fifteen days after the decision is rendered. . . . Upon any hearing, the department shall receive any evidence relevant to the matter under investigation and the burden of proof shall be upon the person making the complaint, petition, and application. After such hearing and investigation, the department shall render a decision in the premises in writing and shall issue such order or orders duly certified as it may deem necessary.

The director granted Twin Platte a hearing, which was held telephonically on November 3, 1995, but, at least so far as the evidence shows, the director at no time set aside or affirmed his October 13 order. Twin Platte filed its notice of appeal on November 9.

It is not only within the power, but it is the duty, of an appellate court to determine whether it has jurisdiction over the matter before it. *In re Interest of D.W.*, 249 Neb. 133, 542 N.W.2d 407 (1996); *In re Adoption of Krystal P. & Kile P.*, 248 Neb. 907, 540 N.W.2d 312 (1995); *In re Interest of Krystal P. et al.*, 248 Neb. 905, 540 N.W.2d 316 (1995).

Neb. Rev. Stat. § 46-210 (Reissue 1993) provides:

> If any . . . party . . . interested in irrigation or water power work affected thereby [is] dissatisfied with the decision or with any order adopted, such . . . party . . . may appeal to the Court of Appeals to reverse, vacate, or modify the order complained of. . . . The time for perfecting such appeal shall be limited to thirty days after the rendition of such decision or order . . . .

The question presented is whether Twin Platte's motion requesting the withdrawal of the director's order of October 13, 1995, and the holding of a hearing on the issue of standing, toll the 30-day appeal time set by § 46-210 such that because no order was entered following the hearing, the present appeal is not the subject of a final order.

Even in the absence of statutory authority, an administrative agency has the power to reconsider its own decisions. See *Ventura v. State*, 246 Neb. 116, 517 N.W.2d 368 (1994).

However, except where the motion to reconsider is one based on newly discovered evidence, the agency's power to reconsider its own order exists only until the aggrieved party files an appeal or the statutory appeal time has expired. *Id.*

In addition, we have held that a motion to reconsider filed with an administrative agency will not toll the statutory time for seeking judicial review, as would a motion for new trial under Neb. Rev. Stat. §§ 25-1143 and 25-1912(2) (Reissue 1995). *B. T. Energy Corp. v. Marcus*, 222 Neb. 207, 382 N.W.2d 616 (1986) (no jurisdiction acquired where appeal taken more than statutorily specified 30 days after decision of administrative agency notwithstanding intervening nonstatutory request for rehearing).

However, the motion filed by Twin Platte is distinguishable from the motion for rehearing filed in *B. T. Energy Corp.* because Twin Platte was not afforded a hearing prior to the entry of the October 13 order. As there had been no initial hearing, the motion for a hearing pursuant to § 46-209 cannot be considered one for rehearing.

As a general rule, where an administrative body acts in a quasi-judicial manner, due process requires notice and an opportunity for a full and fair hearing at some stage of the agency proceedings. *Stauffer v. Weedlun*, 188 Neb. 105, 195 N.W.2d 218 (1972), *appeal dismissed* 409 U.S. 972, 93 S. Ct. 307, 34 L. Ed. 2d 236. However, the " ' "demands of due process do not require a hearing at . . . any particular point . . . in an administrative proceeding so long as the requisite hearing is held before the final order becomes effective." ' " *Chase v. Board of Trustees of Nebraska State Colleges*, 194 Neb. 688, 695-96, 235 N.W.2d 223, 228 (1975).

In a special proceeding such as is involved here, an order is final and appealable if it affects a substantial right of the aggrieved party. *State v. Schlund*, 249 Neb. 173, 542 N.W.2d 421 (1996); *In re Adoption of Krystal P. & Kile P., supra; In re Interest of R.G.*, 238 Neb. 405, 470 N.W.2d 780 (1991). As the October 13 order removed Twin Platte from the proceeding, it affected a substantial right Twin Platte claimed and would have been appealable had Twin Platte not sought a hearing as provided in § 46-209. However, as Twin Platte

requested a hearing pursuant to the statutory scheme at issue, the October 13 order did not become an effective final order.

For an appellate court to acquire jurisdiction of an appeal, there must be a final order entered by the tribunal from which the appeal is taken. Conversely, an appellate court is without jurisdiction to entertain appeals from nonfinal orders. *Schlund, supra*; *Village of Orleans v. Dietz*, 248 Neb. 806, 539 N.W.2d 440 (1995); *Olsen v. Olsen*, 248 Neb. 393, 534 N.W.2d 762 (1995). Thus, the answer to the question presented is in the affirmative; that is to say, as no ruling resulting from the hearing mandated and granted on the October 13 order is contained in the record, there is no appealable final order. As a consequence, we lack jurisdiction to consider this appeal.

APPEAL DISMISSED.