IN RE INTEREST OF KRYSTAL P., A CHILD UNDER 18 YEARS OF AGE. STATE OF NEBRASKA, APPELLANT, V. KIMBERLY T. AND JOHN P., APPELLEES, AND DONALD F. AND SHEILA M. EBBERS, INTERVENORS-APPELLEES.
IN RE INTEREST OF KILE P., A CHILD UNDER 18 YEARS OF AGE. STATE OF NEBRASKA, APPELLANT, V. KIMBERLY T., APPELLEE, AND DONALD F. AND SHEILA M. EBBERS, INTERVENORS-APPELLEES.
IN RE INTEREST OF ALEX T., A CHILD UNDER 18 YEARS OF AGE. STATE OF NEBRASKA, APPELLANT, V. KIMBERLY T. AND ERNEST T., APPELLEES, AND DONALD F. AND SHEILA M. EBBERS, INTERVENORS-APPELLEES.

557 N.W.2d 26

Filed December 20, 1996.    Nos. S-95-924, S-95-925, S-95-926.

Don Stenberg, Attorney General, Royce N. Harper, Douglas Dexter, and, on brief, Shawn Elliott, Special Assistant Attorney General, for appellant.

Gary G. Thompson for intervenors-appellees.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.

WRIGHT, J.

This matter arose out of proceedings in which three minor children, Krystal P., Kile P., and Alex T., were placed in the custody of the Nebraska Department of Social Services (DSS). On January 9, 1995, the county court ordered that the intervenors, Donald F. and Sheila M. Ebbers, were to have extended, unsupervised visitation with the children. DSS appealed that order to the Nebraska Court of Appeals and a juvenile review panel. Those appeals have been decided by this court in *In re Interest of Alex T. et al.*, 248 Neb. 899, 540 N.W.2d 310 (1995); *In re Interest of Krystal P. et al.*, 248 Neb. 905, 540 N.W.2d 316 (1995); and *In re Adoption of Krystal P. & Kile P.*, 248 Neb. 907, 540 N.W.2d 312 (1995), and are not the subject of this opinion.

During the appeal process, the Ebberses filed a civil contempt action against DSS for failing to comply with the county court's visitation order. On June 22, 1995, the court found that DSS and two of its employees were in contempt. Following the contempt hearing, the Ebberses filed an application for attorney fees against DSS, and the court ordered DSS to pay attorney fees in the amount of $1,296. DSS has appealed from the order requiring it to pay the Ebberses' attorney fees.

## SCOPE OF REVIEW

When reviewing a question of law, an appellate court reaches a conclusion independent of the lower court's ruling. *Allemang v. Kearney Farm Ctr., ante* p. 68, 554 N.W.2d 785 (1996);

*Grand Island Latin Club v. Nebraska Liq. Cont. Comm., ante* p. 61, 554 N.W.2d 778 (1996).

## FACTS

DSS was made the custodian of Krystal, Kile, and Alex and was ordered by the county court to allow extended, unsupervised visitation in the home of the Ebberses. DSS appealed this order to both the Court of Appeals and a juvenile review panel. While those appeals were pending, DSS did not comply with the visitation order, and DSS was subsequently found to be in contempt. As part of the contempt action, the county court ordered DSS to pay the Ebberses' attorney fees in the amount of $1,296.

DSS did not deny that it failed to implement the visitation order, but essentially relied upon the defense that its act of seeking appellate review operated as an automatic stay of the order. DSS relied upon Neb. Rev. Stat. § 25-21,213 (Reissue 1995), which provides: "No appeal or supersedeas bond shall be required of the state, and the filing of notice . . . of intention to take such proceedings shall operate as a supersedeas of such judgment until the time that final judgment in the Court of Appeals or Supreme Court is rendered in the cause . . . ."

The county court rejected this defense and determined that DSS and two of its employees were in contempt. The court remanded the employees to the custody of the sheriff until such time as they were willing to abide by the visitation order and fined DSS the sum of $2,500 per day, beginning the following day, for each day DSS failed to abide by the court order. Due to the pending imprisonment of its employees and the pending fine, DSS agreed to abide by the court order, and based upon that representation, the court found that the parties had purged themselves of contempt. There was no appeal by DSS from the finding that DSS and its two employees were in contempt.

On June 23, 1995, an application for attorney fees was filed by counsel for the Ebberses and was set for hearing on July 25. The record reflects that a notice of the hearing was sent to DSS through its attorney, but DSS was not represented at the hearing. At the hearing, counsel for the Ebberses was sworn. He testified that he spent 16.2 hours on the case and that his hourly fee was

$80. The county court found that the hourly fee and the time expended were reasonable and awarded the Ebberses $1,296 in attorney fees.

## ASSIGNMENTS OF ERROR

DSS makes the following assignments of error: (1) The county court, sitting as a juvenile court, lacked authority to order DSS to pay attorney fees in connection with a civil contempt proceeding; (2) to the extent such authority is granted to a county court, the court erred in ordering DSS to pay attorney fees in connection with a civil contempt proceeding without determining that DSS' defense was not substantially justified; and (3) the county court erred in ordering DSS to pay attorney fees, because the record indicates that DSS' position was substantially justified.

## ANALYSIS

Since no appeal was taken by DSS or its employees from the contempt order, the sole issue on appeal is whether the county court could award attorney fees as a part of the contempt proceedings.

The statutory authority for punishment for contempt is Neb. Rev. Stat. § 25-2121 (Reissue 1995), which states: "Every court of record shall have power to punish by fine and imprisonment, or by either . . . persons guilty of . . . (3) willful disobedience of . . . any . . . order of said court . . . ." A county court is a court of record. See Neb. Rev. Stat. § 24-502 (Reissue 1995). The awarding of attorney fees is not listed as one of the powers given to the court in a contempt action.

DSS acknowledges that the county court had the power, generally, to punish for contempt. However, DSS argues that because there is no statutory language specifically providing for attorney fees, the court lacked the power to award attorney fees in this case. DSS asserts that this lack of power to award attorney fees absent specific statutory authority follows from the fact that a county court can acquire jurisdiction only through legislative enactment. Our review of this issue is a question of law, which requires us to reach a determination independent of the trial court. See, *Allemang v. Kearney Farm Ctr., ante* p. 68, 554

N.W.2d 785 (1996); *Grand Island Latin Club v. Nebraska Liq. Cont. Comm., ante* p. 61, 554 N.W.2d 778 (1996).

We first note that § 25-2121 is a codification of the common law of contempt and does not supplant a court's inherent contempt powers. See, e.g., *State ex rel. Beck v. Frontier Airlines, Inc.,* 174 Neb. 172, 116 N.W.2d 281 (1962); *State ex rel. Beck v. Lush,* 168 Neb. 367, 95 N.W.2d 695 (1959). The fact that § 25-2121 does not list attorney fees as punishment that a court of record may impose in a contempt proceeding does not necessarily prohibit the court from awarding attorney fees under certain circumstances.

Attorney fees may be recovered only when authorized by statute or when a recognized and accepted uniform course of procedure allows recovery of an attorney fee. *Surratt v. Watts Trucking,* 249 Neb. 35, 541 N.W.2d 41 (1995); *Dunning v. Tallman,* 244 Neb. 1, 504 N.W.2d 85 (1993); *Quinn v. Godfather's Investments,* 217 Neb. 441, 348 N.W.2d 893 (1984). Since there is no provision in § 25-2121 for attorney fees, we must determine whether there is a uniform course of procedure that would permit the county court to award attorney fees in a contempt proceeding.

We find that there is such a uniform course of procedure. For instance, in *Dunning, supra,* we held that costs, including a reasonable attorney fee, may be assessed against the contemnor in a civil contempt proceeding. Likewise, in *Megel v. City of Papillion,* 194 Neb. 819, 235 N.W.2d 876 (1975), we upheld an award of attorney fees in a civil contempt proceeding where the trial court had found the defendants to be in willful contempt for failure to comply with a district court injunctive decree. As such, DSS' argument that the lack of specific statutory authority precludes the county court's award of attorney fees for contempt is without merit.

Having decided that the county court had the general power to award attorney fees in a civil contempt proceeding, we next turn to DSS' contention that the court was precluded by sovereign immunity from ordering DSS to pay attorney fees incurred by the Ebberses in the civil contempt proceeding. We have consistently held, for purposes of applying the doctrine of sovereign immunity, that a suit against an agency of the state is

the same as a suit against the state. See *County of Lancaster v. State*, 247 Neb. 723, 529 N.W.2d 791 (1995). Therefore, it follows that the award of attorney fees against an agency of the state is the same as an award against the state.

Neb. Const. art. V, § 22, providing that the state may sue and be sued and that the Legislature shall provide by law in what manner and in what courts suits shall be brought, permits the state to lay its sovereignty aside and consent to be sued on such terms and conditions as the Legislature may prescribe. *Hoiengs v. County of Adams*, 245 Neb. 877, 516 N.W.2d 223 (1994). We thus consider whether the State has statutorily waived sovereign immunity.

Neb. Rev. Stat. § 25-1803(1) (Reissue 1995) provides:

> Unless otherwise provided by law, the court having jurisdiction over a civil action brought by the state or an action for judicial review brought against the state pursuant to the Administrative Procedure Act shall award fees and other expenses to the prevailing party unless the prevailing party is the state, except that the court shall not award fees and expenses if it finds that the position of the state was substantially justified.

Pursuant to Neb. Rev. Stat. § 25-2701 (Reissue 1995), which extends the rules of criminal and civil procedure to the county court, the county court is given the authority to assess attorney fees.

Section 25-1803(1) acts as a limited waiver of the state's sovereign immunity in civil actions brought by the state to the extent that fees and expenses shall be awarded except when the court finds that the position of the state was substantially justified. Fees can be awarded in a civil action brought by the state or in an action for judicial review brought against the state pursuant to the Administrative Procedure Act. It is clear that this action was not brought against the State pursuant to the Administrative Procedure Act. Thus, whether § 25-1803(1) applies depends upon our determination of whether the State brought the civil action.

The underlying action in this case was brought by the State under the authority of the Nebraska Juvenile Code and was instituted by the county attorneys of Jefferson and Gage

Counties on behalf of the State. DSS was the custodian of the minor children, and the Ebberses were intervenors in the action. On January 9, 1995, the county court ordered, inter alia, that the children were to have extended, unsupervised visitation in the home of the Ebberses commencing in January 1995. DSS appealed the order to the Court of Appeals and a juvenile review panel.

Pending those appeals, the Ebberses requested visitation pursuant to the county court's order, and DSS refused the request. The Ebberses then instituted contempt proceedings in the county court. Throughout the proceedings, DSS admitted it had failed to comply with the visitation order, but asserted that the appeals operated as a stay of the visitation order. The county court rejected this defense and adjudged DSS and its employees to be in contempt of court.

Upon our review of the record, we find that this action was brought by the State and that, therefore, § 25-1803(1) applies. As a part of the original action, DSS was ordered to comply with a visitation order, which DSS failed to do. The contempt action was related and incidental to the civil action brought by the State, and therefore, the contempt action is within the scope of § 25-1803(1).

DSS argues, however, that even if § 25-1803(1) operates as a limited waiver of sovereign immunity, the county court failed to make a necessary determination as to whether DSS' position was substantially justified. Section 25-1803(1) provides that attorney fees may be awarded in actions brought by the state, "except that the court shall not award fees and expenses if it finds that the position of the state was substantially justified."

In *Meier v. State*, 227 Neb. 376, 417 N.W.2d 771 (1988), we stated that the existence of substantial justification depends upon the circumstances of each case. Substantial justification exists where the position has a reasonable basis in both law and fact. *Id.* Here, DSS' position was based upon § 25-21,213, which provides: "[T]he filing of notice . . . shall operate as a supersedeas of such judgment until the time that final judgment . . . is rendered in the cause . . . ." DSS asserts that such language indicates that the supersedeas was automatic and that, therefore, it was not obligated to implement the visitation order.

However, we need not reach the issue of whether DSS' action was substantially justified, since we hold that DSS is precluded from raising that issue because DSS failed to appear, after notice, at the hearing regarding attorney fees. The county court was not obligated to invent arguments as to how DSS' action could have been substantially justified. Therefore, it was proper for the county court to award attorney fees.

We will not address an issue which creates an exception to the statutory waiver of sovereign immunity found in § 25-1803 where the State failed to raise the issue at the hearing regarding attorney fees. See *How v. Mars*, 245 Neb. 420, 513 N.W.2d 511 (1994) (issue not presented to or passed upon by trial court generally not appropriate for consideration on appeal).

The judgment of the county court is affirmed.

AFFIRMED.