SAUNDERS COUNTY, APPELLANT, V.
CITY OF LINCOLN, APPELLEE.

638 N.W.2d 824

Filed February 8, 2002.   No. S-01-029.

Thomas S. Jaudzemis, Saunders County Attorney, and Grant A. Porter for appellant.

Dana W. Roper, Lincoln City Attorney, Steven Huggenberger, and Margaret Blatchford for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, McCORMACK, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.

NATURE OF CASE

Saunders County appeals from the order of the director of the Department of Natural Resources, which sustained the demurrer filed by the City of Lincoln to three of the four "causes of action" contained in the county's second amended petition and dismissed those claims. The order appealed from is not final, and we dismiss the appeal for lack of jurisdiction.

STATEMENT OF FACTS

On December 17, 1999, the county filed its single-count petition with the department seeking, inter alia, an order requiring the city to decommission certain water wells constructed by the city. The county alleged the wells were withdrawing water in violation of the county's riparian rights which it claimed on real property situated on the bed and bank of the Platte River. On February 25, 2000, the city filed a demurrer to the petition. On April 24, the department approved the parties' stipulation that

the city's demurrer was withdrawn and that the county would amend its petition.

On May 8, 2000, the county filed its amended petition setting forth four "causes of action." Each "cause of action" was based on the same general set of facts alleging that the city had failed to comply with state laws governing the construction and registration of wells, which wells were purportedly withdrawing water in violation of the county's riparian rights. None of the enumerated "causes of action" sought separate or individualized relief. Instead, each "cause of action" "pray[ed] for relief as set forth at the end of [the amended petition]." In the amended petition's "Request for Relief" section, the county stated that as to "Causes of Action One through Four," it requested that the city be forced to register or otherwise obtain permits for certain of the wells it operated.

On May 15, 2000, the city demurred to the county's amended petition, claiming, inter alia, that the county lacked standing to bring its action before the department. In an order dated August 17, 2000, the department overruled the city's demurrer as to the county's first "cause of action." In the same order, however, the department sustained the city's demurrer as to the second, third, and fourth enumerated "causes of action," concluding that the county lacked standing to bring those "causes of action." The department gave the county 14 days to further amend its petition.

The county filed its second amended petition on September 7, 2000. The second amended petition added approximately 30 paragraphs to the county's fourth "cause of action." In other respects, the second amended petition was identical to the amended petition. In particular, no change was made to the "Request for Relief" section.

The city filed a demurrer to the second amended petition on September 19, 2000, again alleging, inter alia, that the county lacked standing to bring the action before the department. In an order dated November 16, 2000, the department sustained the city's demurrer to the second, third, and fourth "causes of action" set forth in the second amended petition, and in an order dated December 4, 2000, the department dismissed those "causes of action." By virtue of the department's November 16 order, however, the county's first "cause of action" remained

pending. During oral argument on appeal before this court, the parties agreed that proceedings have continued before the department on the county's first enumerated "cause of action."

The county appeals from the department's December 4, 2000, order of dismissal, which dismissed the county's second through fourth "causes of action."

## ASSIGNMENTS OF ERROR

On appeal, the county has assigned 11 errors which combine to form 2. The county asserts, as restated, that the department erred (1) in sustaining the city's demurrer to the second, third, and fourth "causes of action" contained in the second amended petition and (2) in denying the county due process in various particulars not recited here. In view of our conclusion that this court lacks jurisdiction due to the absence of a final, appealable order, we do not consider the merits of the assigned errors.

## STANDARD OF REVIEW

■ Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *Keef v. State*, 262 Neb. 622, 634 N.W.2d 751 (2001).

## ANALYSIS

■ Before we address the county's assigned errors, we must first consider the issue of whether this court possesses jurisdiction to hear the instant appeal. See *Keef v. State, supra.* See, also, *Breeden v. Nebraska Methodist Hosp.*, 257 Neb. 371, 374, 598 N.W.2d 441, 443 (1999) (stating "[i]t is not only within the power but it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it"). We have previously held that proceedings to determine standing to bring a petition before the department constitute "special proceedings," and an order entered in a special proceeding is final and appealable only if it affects a substantial right of the aggrieved party. *City of Lincoln v. Twin Platte NRD*, 250 Neb. 452, 551 N.W.2d 6 (1996). See, also, *In re Applications A-14137, A-14138A, A-14138B, and A-14139*, 240 Neb. 117, 480 N.W.2d 709 (1992) (concluding that proceedings brought before Department of Water Resources, now known as Department of Natural Resources, pursuant to Neb. Rev. Stat.

§ 61-205 (Cum. Supp. 2000), are special proceedings). A substantial right is an essential legal right, not a mere technical right. *In re Estate of Peters*, 259 Neb. 154, 609 N.W.2d 23 (2000).

As noted above, the county's second amended petition enumerated four "causes of action" for which it sought the same relief. We have stated that a cause of action consists of the fact or facts which give one a right to judicial relief against another; a theory of recovery is not itself a cause of action. *Keef v. State, supra*; *Gestring v. Mary Lanning Memorial Hosp.*, 259 Neb. 905, 613 N.W.2d 440 (2000); *Bargmann v. State*, 257 Neb. 766, 600 N.W.2d 797 (1999). Two or more claims in a petition arising out of the same operative facts and involving the same parties constitute separate legal theories, either of liability or damages, and not separate causes of action. *Id.* Whether more than one cause of action is stated depends mainly upon (1) whether more than one primary right or subject of controversy is presented, (2) whether recovery on one ground would bar recovery on the other, (3) whether the same evidence would support the different counts, and (4) whether separate causes of action could be maintained for separate relief. *Id.*

Referring to the above considerations, we conclude that the county's second amended petition sets forth four theories of recovery based upon a single cause of action rather than four causes of action. Each of the purported "causes of action" was based on the same general set of alleged facts and the claim that the city had failed to comply with state laws governing the construction and registration of wells. Identical relief was sought as to each "cause of action." Were the county to succeed on one of its claims, it would gain the relief it sought in its petition and would thus be precluded from relief on the other three theories of recovery.

In the instant case, the county appeals from the department's order which sustained the city's demurrer to the county's second, third, and fourth enumerated "causes of action" and dismissed those claims. The city's demurrer to the first enumerated "cause of action" was overruled by the department, and the proceedings as to the first "cause of action" have continued before the department. Because the separate claims are not actually separate causes of action, but, rather, theories of recovery, the

county is still able to obtain the relief it requested from the department in its petition.

For an appellate court to acquire jurisdiction of an appeal, there must be a final order entered by the tribunal from which the appeal is taken. *City of Lincoln v. Twin Platte NRD*, 250 Neb. 452, 551 N.W.2d 6 (1996). Conversely, an appellate court is without jurisdiction to entertain appeals from a nonfinal order. *Id.* An order entered in a special proceeding is final and appealable only if it affects a substantial right of the aggrieved party. *Id.* Notwithstanding the department's dismissal of the second through fourth "causes of action," the dismissal order has not precluded the county from gaining the relief it seeks in its second amended petition, and the dismissal order has not affected a substantial right of the county. The dismissal order is not a final order, and this court is without jurisdiction to hear the instant appeal. See, *City of Lincoln v. Twin Platte NRD, supra; In re Applications A-14137, A-14138A, A-14138B, and A-14139*, 240 Neb. 117, 480 N.W.2d 709 (1992).

## CONCLUSION

The department's dismissal of the county's second through fourth theories of recovery has not precluded the county from obtaining the relief it seeks in its second amended petition, and therefore, a substantial right of the county has not been affected. The order from which the county seeks to appeal in this special proceeding is not a final order. Because the county appeals from a nonfinal order, this court is without jurisdiction to hear the appeal. We therefore dismiss the county's appeal.

APPEAL DISMISSED.

STEPHAN, J., not participating.