Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
06/18/2021 08:09 AM CDT

In re Interest of A.A. et al., children
under 18 years of age.
State of Nebraska, appellee, v.
Joshua C., appellant.

___ N.W.2d ___

Filed March 26, 2021.    No. S-20-009.

supplemental opinion on issue of
motion for attorney fees

1. **Attorney Fees.** Attorney fees and expenses may be recovered only where provided for by statute or when a recognized and accepted uniform course of procedure has been to allow recovery of attorney fees.

2. **Constitutional Law: Actions: Legislature: Immunity: Waiver.** Neb. Const. art. V, § 22, providing that the State may sue and be sued and that the Legislature shall provide by law in what manner and in what courts suits shall be brought, permits the State to lay its sovereignty aside and consent to be sued on such terms and conditions as the Legislature may prescribe.

3. **Actions: Attorney Fees: Immunity: Waiver.** Neb. Rev. Stat. § 25-1803(1) (Reissue 2016) acts as a limited waiver of the State's sovereign immunity in civil actions brought by the State to the extent that fees and expenses shall be awarded except when the court finds that the position of the State was substantially justified.

4. **Attorney Fees.** The existence of substantial justification depends upon the circumstances of each case.

5. ____. Substantial justification exists where the position has a reasonable basis both in law and in fact.

6. **Attorney Fees: Appeal and Error.** The mere fact that the State has not been successful in an appellate court does not mean its position was not substantially justified.

7. **Statutes: Immunity: Waiver.** Statutes that purport to waive the protection of sovereign immunity of the State or its subdivisions are strictly construed in favor of the sovereign and against the waiver.

8. \_\_\_\_: \_\_\_\_: \_\_\_\_. A waiver of sovereign immunity is found only where stated by the most express language of a statute or by such overwhelming implication from the text as will allow no other reasonable construction.

9. **Statutes: Appeal and Error.** Statutory language is to be given its plain and ordinary meaning, and an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous.

10. **Actions: Attorney Fees: Immunity: Waiver.** Neb. Rev. Stat. § 25-1803 (Reissue 2016) does not waive sovereign immunity regarding attorney fees and expenses incurred to defend against positions taken against particular parties on particular motions within an action that was, as a whole, substantially justified.

Appeal from the Separate Juvenile Court of Lancaster County: REGGIE L. RYDER, Judge. Motion for attorney fees denied.

Matt Catlett, of Law Office of Matt Catlett, for appellant.

Douglas J. Peterson, Attorney General, C.J. Roberts, Special Assistant Attorney General, and Patrick Condon, Lancaster County Attorney, and Haley N. Messerschmidt for appellee.

HEAVICAN, C.J., MILLER-LERMAN, CASSEL, STACY, FUNKE, PAPIK, and FREUDENBERG, JJ.

FREUDENBERG, J.

## NATURE OF CASE

This opinion addresses a motion for attorney fees and expenses against the State by the intervenor in a juvenile proceeding who was successful in his appeal from a final order during the pendency of the case. We find that under Neb. Rev. Stat. § 25-1804(1) (Reissue 2016), the State's position in bringing and maintaining the underlying petition for adjudication was substantially justified. Therefore, the State's limited

waiver of sovereign immunity set forth in § 25-1804(1) does not apply to the fees and expenses sought.

## BACKGROUND

The facts of this case are fully set forth in our opinion, *In re Interest of A.A. et al.*,[1] which addressed two consolidated appeals from final orders in ongoing proceedings under a petition to adjudicate a child, B.C., due to the fault or habits of the mother. Joshua C., the legal father of B.C., appealed (1) the denial of his motion for temporary physical placement of B.C., who was removed from the mother's home, and (2) a subsequent adjudication order due to the fault or habits of the mother.

B.C. lived with the mother and not with Joshua. B.C. was removed from the mother's home pending adjudication, upon a finding that remaining in the mother's home would be contrary to B.C.'s health, safety, and welfare and would not be in B.C.'s best interests. Joshua, who had an established parental relationship with B.C., intervened in the juvenile proceedings. However, without the State's making any allegations of unfitness regarding Joshua, the court denied Joshua's motion for temporary placement on the grounds that Joshua was unfit. The first appeal was from that order.

While Joshua's first appeal was pending, the mother pled no contest to the petition for adjudication. The district court overruled Joshua's objection to the hearing on adjudication in which Joshua argued that his pending appeal from the denial of his motion for placement deprived the district court of jurisdiction.

With regard to the first appeal, we held in *In re Interest of A.A. et al.* that Joshua was deprived of due process when the court refused to recognize his parental preference over the State to B.C.'s custody by finding him unfit without any formal allegation placing him on notice that he would have

---

[1] *In re Interest of A.A. et al.*, 307 Neb. 817, 951 N.W.2d 144 (2020).

to defend against an attempt by the State to prove he had lost the presumption of parental preference. In the second appeal addressed in *In re Interest of A.A. et al.*, we found no merit to Joshua's contention that the pendency of Joshua's first appeal had divested the district court of jurisdiction to accept the mother's no contest plea to the petition to adjudicate B.C. due to the mother's fault or habits.

## ANALYSIS

[1] Pursuant to Neb. Rev. Stat. § 25-1803(1) (Reissue 2016) and Neb. Ct. R. App. P. § 2-109(F) (rev. 2014), Joshua seeks reimbursement for attorney fees and expenses incurred in the appeal from the denial of his motion for temporary placement. Attorney fees and expenses may be recovered only where provided for by statute or when a recognized and accepted uniform course of procedure has been to allow recovery of attorney fees.[2] Joshua does not claim a uniform course of procedure provides for attorney fees and expenses in this case.

[2,3] Neb. Const. art. V, § 22, providing that the State may sue and be sued and that the Legislature shall provide by law in what manner and in what courts suits shall be brought, permits the State to lay its sovereignty aside and consent to be sued on such terms and conditions as the Legislature may prescribe. Section 25-1803(1) acts as a limited waiver of the State's sovereign immunity in civil actions brought by the State to the extent that fees and expenses shall be awarded except when the court finds that the position of the State was substantially justified.[3]

Section 25-1803 provides in full:

(1) Unless otherwise provided by law, the court having jurisdiction over a civil action brought by the state or an action for judicial review brought against the state

---

[2] *Dycus v. Dycus*, 307 Neb. 426, 949 N.W.2d 357 (2020).

[3] *In re Interest of Krystal P. et al.*, 251 Neb. 320, 557 N.W.2d 26 (1996).

pursuant to the Administrative Procedure Act shall award fees and other expenses to the prevailing party unless the prevailing party is the state, except that the court shall not award fees and expenses if it finds that the position of the state was substantially justified.

(2) The court, in its discretion, may reduce the amount to be awarded pursuant to this section, or deny an award, to the extent that the prevailing party, during the course of the proceedings engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy or when an overriding public interest exists which would make an award unjust.

Section 25-1804(1) (Reissue 2016) describes the application for attorney fees pursuant to § 25-1803 as follows:

A party seeking an award for fees and other expenses pursuant to sections 25-1802 to 25-1807 shall, not later than thirty days after the entry of the final judgment in the action, submit to the court an application which provides evidence of eligibility for an award pursuant to such sections and which specifies the amount sought. If the amount sought includes an attorney's fee or the fee for an expert witness, the application shall include an itemized statement for each such fee indicating the actual time expended in service to the applicant and the rate at which the fees were computed.

Neb. Rev. Stat. § 25-1805 (Reissue 2016) provides that "[f]ees and expenses awarded pursuant to sections 25-1802 to 25-1807 may be ordered in addition to any compensation awarded in a judgment." Neb. Rev. Stat. § 25-1809 (Reissue 2016) provides that the fees and expenses that have been awarded against a state agency, board, commission, or constitutional office or the Legislature shall be paid out of the Legal Services Fund.

The parties dispute whether the juvenile proceedings were a civil action, whether the juvenile proceedings were brought

by the State, and whether the State was substantially justified in its position. We conclude that Joshua's motion for attorney fees should be denied, because the State was substantially justified in commencing the juvenile proceedings for B.C. under the petition making allegations against the mother.

[4-6] The existence of substantial justification depends upon the circumstances of each case.[4] Such justification exists where the position has a reasonable basis both in law and in fact.[5] The mere fact that the State has not been successful in this court does not mean its position was not substantially justified.[6]

[7-9] It is well settled that statutes that purport to waive the protection of sovereign immunity of the State or its subdivisions are strictly construed in favor of the sovereign and against the waiver.[7] A waiver of sovereign immunity is found only where stated by the most express language of a statute or by such overwhelming implication from the text as will allow no other reasonable construction.[8] Statutory language is to be given its plain and ordinary meaning, and an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous.[9]

Section 25-1803(2) refers to the "final resolution of the matter in controversy," and § 25-1804(1) refers to the award's being "after the entry of the final judgment in the action." Joshua's appeals were from final orders, not from the final judgment in the juvenile proceedings. More to the point, under our mandate of strict construction, the references in the relevant statutes to the final resolution of the matter in the

---

[4] *Meier v. State*, 227 Neb. 376, 417 N.W.2d 771 (1988).

[5] *Id.*

[6] *Id*.

[7] *Moser v. State*, 307 Neb. 18, 948 N.W.2d 194 (2020).

[8] *Id.*

[9] *Id.*

controversy after the entry of the final judgment indicate a limited waiver for an award of attorney fees and expenses against the State only where the underlying action brought by the State was not itself substantially justified.

This reading is also supported by the reference in § 25-1803(1) to "*the position* of the state" (emphasis supplied). The U.S. Supreme Court, in *Commissioner, INS v. Jean*,[10] interpreted the meaning of "substantially justified" in a similar federal statute and relied on, among other things, a reference to the "'position of the United States'" in the singular before concluding that "[w]hile the parties' postures on individual matters may be more or less justified, [the statute] favors treating a case as an inclusive whole, rather than as atomized line-items." Other federal courts have understood *Jean* to require courts to assess the substantial justification of the government's position in a case as a whole rather than on individual issues.[11]

[10] Section 25-1803 does not waive sovereign immunity regarding attorney fees and expenses incurred to defend against positions taken against particular parties on particular motions within an action that was, as a whole, substantially justified. We find that the State's decision to bring a petition

---

[10] *Commissioner, INS v. Jean*, 496 U.S. 154, 161-62, 110 S. Ct. 2316, 110 L. Ed. 2d 134 (1990) (interpreting 28 U.S.C. § 2412(d)(1)(A) (1988)).

[11] See, e.g., *Roanoke River Basin Ass'n v. Hudson*, 991 F.2d 132, 139 (4th Cir. 1993) ("we conclude that when determining whether the government's position in a case is substantially justified, we look beyond the issue on which the petitioner prevailed to determine, from the totality of circumstances, whether the government acted reasonably in causing the litigation or in taking a stance during the litigation"); *Utu Utu Gwaitu Paiute Tribe v. Dept. of Interior*, 773 F. Supp. 1383, 1388 (E.D. Cal. 1991) ("[w]here the government's position in the course of litigation and at the agency level below is substantially justified as a whole, the lack of substantial justification on one procedural issue raised during the course of litigation may not provide a basis for apportioning an award of fees . . . for time spent defending that one procedural issue").

to adjudicate B.C. was substantially justified. Accordingly, no statute provides for the recovery of Joshua's attorney fees and expenses incurred in this appeal. We need not address the parties' other arguments concerning § 25-1803.

## CONCLUSION

For the foregoing reasons, we deny Joshua's motion for attorney fees and costs.

MOTION FOR ATTORNEY FEES DENIED.